IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

KINI COSMA,

        Petitioner,                         Civil No. 11-3062-CL

v.                                      REPORT AND
                                           RECOMMENDATION

SHERIFF TIM EVINGER.,

        Respondent.

CLARKE, District Judge.

Petitioner filed a petition under 28 U.S.C. § 2254 seeking to challenge her March 1, 2011, convictions for "attempting to Elude, Reckless Driving and Reckless Endangering" for which she was allegedly sentenced to "11 years." Petition (#1), p. 1.

Petitioner alleged that she appealed her convictions - in the United States District Court - and cited the docket number of this case. Plaintiff further alleged that she appealed to the Oregon State Supreme Court. Plaintiff's allegations regarding the procedural history of her "appeal" were at best

confusing and her factual allegations were mostly incomprehensible.

By Order (#10) entered August 22, 2011, plaintiff was advised of the "exhaustion of state remedies requirement for proceeding under 28 U.S.C. § 2254 and allowed 30 days to file an amended petition curing certain deficiencies set forth in the court's order. Specifically, petitioner was directed to allege the procedural history of her convictions with sufficient clarity to enable the court to determine [for "screening" purposes] whether she has exhausted state remedies for purposes of proceeding under 28 U.S.C. § 2254. Petitioner was further directed to specifically allege the grounds for relief and facts that demonstrate her convictions were obtained in violation of her constitutional rights. Petitioner was advised that failure to file an amended petition consistent with the court's order within 30 days would result in the dismissal of this proceeding.

On September 27, 2011, petitioner filed a 60 page Amended Petition (#12). However, the amended petition does not cure the deficiencies that led to the dismissal of the original petition. Therefore, petitioner's Amended Petition (#12) should be denied for failure to state a claim. The denial of relief should be without prejudice to file another proceeding (on the appropriate form) alleging her claims in a manner consistent with the court's direction summarized above. This proceeding should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered a waiver of a party's right to de

novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

### Certificate of Appealability

*Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right. See, 28 U.S.C. § 2253(c)(2).*

DATED this 29 day of September, 2011.

_____
Mark D. Clarke
United States Magistrate Judge